# EXHIBIT A

| STATE OF NORTH CAROLINA | File No. 22CVS 14095 |
|---|---|
| MECKLENBURG County | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

| Name Of Plaintiff |
|---|
| Mary Immen as Administrator of Estate of Miguel Angel Martinez |
| Address |
| C/O WARD BLACK LAW 208 W. WENDOVER AVE |
| City, State, Zip |
| GREENSBORO NC 27401 |

**CIVIL SUMMONS**
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

**VERSUS**

| Name Of Defendant(s) | Date Original Summons Issued |
|---|---|
| UNITED RENTALS, INC. | |
| | Date(s) Subsequent Summonses(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| United Rentals, Inc.<br>Corporation Service Company<br>2626 Glenwood Ave. Ste. 550<br>Raleigh NC 27608 | |

⚠️ **IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time | |
|---|---|---|---|
| GABRIEL SNYDER<br>WARD BLACK LAW<br>208 W. WENDOVER AVE.<br>GREENSBORO NC 27401 | 8-26-22 | 2:00 | ☐ AM ☒ PM |
| | Signature | | |
| | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | | |

| ☐ ENDORSEMENT (ASSESS FEE) | Date Of Endorsement | Time | |
|---|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | | | ☐ AM ☐ PM |
| | Signature | | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

| | | **RETURN OF SERVICE** | |

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

| | | |
|---|---|---|
| STATE OF NORTH CAROLINA | | IN THE GENERAL COURT OF JUSTICE |
| | FILED | SUPERIOR COURT DIVISION |
| MECKLENBURG COUNTY | | FILE NO. 22-CVS-14095 |

2022 AUG 26  P 2: 15

MECKLENBURG COUNTY, C.S.C.

BY_____

MARY IMMEN AS ADMINISTRATOR )
OF THE ESTATE OF MIGUEL ANGEL )
MARTINEZ, )
                                )
    Plaintiff,                   )                  **COMPLAINT**
                                )               **(Jury Trial Demanded)**
vs.                                           )
                                )
UNITED RENTALS, INC.,       )
                                )
    Defendant.             )
                                )

Plaintiff, complaining of the acts of the Defendant, alleges and states that:

## PARTIES

1. Miguel Angel Martinez, (hereinafter, "Deceased"), was a citizen and resident of Travis County, Texas at the time of his death on July 17, 2021.

2. Plaintiff, Mary Immen, is a citizen and resident of Mecklenburg County, North Carolina.

3. Plaintiff, Mary Immen, was appointed Administrator of the Estate of the Decedent by the Clerk of the Superior Court of Mecklenburg County on April 06, 2022, and has qualified and is acting as Administrator in the institution of this action pursuant to § 28A-18-2 of the North Carolina General Statutes.

4. Plaintiff is informed and believes and therefore alleges that United Rentals, Inc. is a corporation organized and existing under and by virtue of the laws of the State of Arizona, with its principal place of business in Arizona.

5. At all relevant times, United Rentals, Inc. was and is authorized to transact business in the State of North Carolina.

6. At all relevant times, United Rentals, Inc. transacted and continues to transact business in Mecklenburg County, North Carolina.

## JURISDICTION

7. Venue is proper in Mecklenburg County, North Carolina because Plaintiff is a resident of Mecklenburg County at the time of commencement of this action.

8. North Carolina has personal jurisdiction pursuant to § 1-75.4(3) because this is a claim for wrongful death within North Carolina arising out of the wrongful acts within this state.

## FACTS

9. At all times relevant herein, Decedent was employed by The Conlan Company as a night watchman. He primarily worked at The Conlan Company's distribution center.

10. At all times relevant herein, Decedent would operate an ATV or similar vehicle to monitor The Conlan Company's distribution center.

11. At all times relevant herein, United Rentals, Inc. provided vehicles to The Conlan Company for rent.

12. On July 17, 2021, Decedent operated a 2019 Club Car Carryall 1700 4x4 (S/N: SD 1932-994496) (hereinafter, the "Vehicle").

13. At approximately 11:15 PM EST, as Decedent operated the Vehicle, it suddenly and unexpectedly overturned ("rollover") onto the Decedent, which caused him to die by mechanical asphyxiation.

14. The Vehicle is pictured below:



15. Before July 17, 2021, a mechanic for United Rentals, Inc. determined that the Vehicle required brake repairs, but the repairs were not made, and the Vehicle was allowed to be used by Decedent despite its need for repairs.

16. A tag was left on the Vehicle that the Vehicle was ready to rent when it was returned to The Conlan Company.

## FIRST CLAIM OF RELIEF
### Negligence – United Rentals, Inc.

17. The allegations set forth in paragraphs 1 through 16 are realleged and incorporated as if fully set forth.

18. United Rentals, Inc. was negligent in that:

    a. It received a repair request for the Vehicle and failed to repair the Vehicle;
    b. It communicated to any user of the Vehicle that it had been repaired and was ready for use;
    c. It failed to act in a reasonable manner in the repair and maintenance of the Vehicle;
    d. It was otherwise negligent.

19. The Vehicle's brakes were defective, which was known or should have been known by United Rentals, Inc., and as a result of the Vehicle being communicated as safe to drive, the Decedent drove the Vehicle, was unable to brake, and the Vehicle turned over causing his death.

20. Due to United Rentals, Inc.'s negligent conduct, the Deceased was killed during the Vehicle's operation.

21. This action is brought under § 28A-18-2 of the North Carolina General Statutes, and is a claim for damages arising from the wrongful death of the Decedent, including the following:

    a. Expenses for care, treatment and hospitalization incident to the injury resulting in death;
    b. Compensation for the pain and suffering of the Decedent;
    c. The funeral expenses of the Decedent;
    d. The present monetary value of the Decedent to the persons entitled to receive the damages recovered, including without limitation compensation for loss of the reasonably expected:
        (1) Net income of the Decedent;
        (2) Services, protection, care and assistance of the Decedent, whether voluntary or obligatory, to the persons entitled to the damages recovered;
        (3) Society, companionship, comfort, guidance, kindly offices and advice of the Decedent to the persons entitled to the damages recovered.

22. As a result of the wrongful death of the Decedent, which was directly and proximately caused by Defendant's actions as described above, Plaintiff, as Administrator of the Decedent's Estate, is entitled to receive damages in an amount in excess of $25,000.

WHEREFORE, Plaintiff prays as follows:

1. That Plaintiff recovers of the defendant a sum in excess of $25,000.00 for compensatory damages;

2. That a jury be impaneled to try all issues of fact;

3. That the costs of this action, including attorneys' fees, be taxed to Defendant; and

4. For such other and further relief as the Court deems just and proper.

This the 24th day of August, 2022.

WARD BLACK LAW

Gabriel Snyder
Ward Black Law
Attorney for Plaintiff
208 W. Wendover Avenue
Greensboro, North Carolina 27401
Tel. (336) 333-2244
Fax: (336) 510-2169
E-mail: gsnyder@wardblacklaw.com
North Carolina State Bar No. 52406